IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN L. LIEBZEIT and
DEREK S. KRAMER,

                                                ORDER

                Plaintiffs,

                                             10-cv-170-slc[1]

    v.

RICK RAEMISCH, MICHAEL THURMER,
WILLIAM POLLARD, DENNIS MOSHER
and PETER HUIBREGTSE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Jonathan Liebzeit and Derek Kramer have filed a proposed amended complaint as directed by the court in an order dated May 25, 2010. Plaintiffs are Wisconsin prisoners who are challenging various restrictions on their ability to practice the religion of Odinism.

In an order dated April 27, 2010, I severed plaintiffs' claims after concluding that they could not proceed jointly because their claims did not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as required by Federal Rule

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

of Civil Procedure 20.  After plaintiffs filed a motion for reconsideration, I granted plaintiffs leave to amend their complaint to show that joinder was proper.  Having reviewed the amended complaint, I adhere to my conclusion that plaintiffs' claims should not proceed in one lawsuit.

A factor in plaintiffs' favor is that their legal theories are the same.  Both contend that prison officials violated their free exercise rights under the Constitution and the Religious Land Use and Institutionalized Persons Act by denying their requests to engage in group religious exercise, refusing to allow them to possess various religious items and refusing to allow them to consume pork as part of a religious diet and at religious feasts.

However, that one similarity is not enough to require joinder under Rule 20.  To begin with, the law recognizes that religious beliefs are a personal matter, so the fact that both plaintiffs are identified as Odinists does not mean their claims will necessarily turn out the same.  Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009) ("A person's religious beliefs are personal to that individual; they are not subject to restriction by the personal theological views of another.").  Under both the free exercise clause and RLUIPA, a separate analysis will be required to determine whether each plaintiff has a sincere religious belief that defendants have substantially burdened.  Koger v. Bryan, 523 F.3d 789, 797-98 (7th Cir. 2008).

Even if some free exercise claims could be joined under Rule 20, plaintiffs' claims present other problems.  A key difference between plaintiffs is that they are not housed at

2

the same prison and have not been during the events relevant to this lawsuit. In addition, most of the defendants are not common to both plaintiffs' claims because they are officials at the individual prisons where plaintiffs have been housed rather than officials who make policy for the Department of Corrections. (Defendant Raemisch, Secretary of the Department of Corrections, is the one exception.)

As a number of courts have recognized, prisoner claims rarely are properly joined under Rule 20 when the claims arise at different prisons because of the different decision makers involved and because each prison is governed by different rules and presents its own unique set of circumstances. E.g., Proctor v. Applegate, 661 F. Supp. 2d 743, 756-57 (E.D. Mich. 2009) (adopting magistrate judge's conclusion that "a plaintiff cannot bring all claims, regardless of type, against all defendants who are spread out at various institutions"); Wellman v. Missouri Dept. of Corrections, 2009 WL 2391940, *3 (E.D. Mo. 2009) ("The discretionary actions taken by different medical officials at different prisons do not constitute the same series of transactions and occurrences with common questions of fact common to each of the defendants."); Morris v. Woodford, 2009 WL 688924, *1 (N.D. Cal. 2009) (concluding that prisoner complaint violated Rule 20 because plaintiff alleged that "the events happened at least two different prisons"). Because of the differences among Wisconsin prisons, a policy or practice may survive scrutiny under the Constitution or RLUIPA at one prison, but may be inadequately justified at another.

Plaintiffs insist throughout their complaint that their claims are joined properly because they are challenging policies and practices of the Wisconsin Department of Corrections that have the same effect on both of them.  However, I cannot accept these legal conclusions as true, particularly because they are inconsistent with more specific allegations in the complaint as well as the documents attached to it.  Thompson v. Illinois Dept. of Professional Regulation, 300 F.3d 750, 754 (7th Cir. 2002) ("[W]hen a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations."); Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998) ("When factual allegations conflict with a legal conclusion, the factual allegations are decisive.").

For example, with respect to their claim that their requests to engage in group study and worship were wrongly denied, documents attached to the complaint show that the officials at each prison came to their own conclusions about the reasons to deny their requests.  Am. Cpt., dkt. #45, exhs. 4 and 5.  This makes sense because it is the warden at each prison who had the final say regarding the request, not Secretary Raemisch or any other department official.  Id.  Secretary Raemisch is the only department official plaintiffs name as a defendant, but his only alleged involvement in this case is affirming the dismissal of grievances that plaintiffs filed.

Plaintiffs point out that some of the defendants referred to the Department of Corrections' policy that places each particular sect into an "umbrella religious group."

4

However, that is irrelevant for the purpose of this case because plaintiffs are not challenging the constitutionality of the department's policy; they are challenging decisions to deny them permission "to participate in group study or worship." Am. Cpt. ¶ 115, dkt. #45. Plaintiffs do not allege that any rule or regulation of the department would prohibit chaplains or wardens at individual prisons from granting such permission regardless of the way that the department groups religions. Simply because a particular official referred to a department policy in a decision does not transform a prison-specific decision into a state-wide policy.

Plaintiffs' second claim regarding various denied religious items involves even more differences. Again, prison officials at each prison gave different reasons for denying each plaintiff's requests. Plaintiffs point to a department policy, DOC 309 IMP 6A, which includes a "religious property chart" identifying permissible religious items prisoners may possess. Am. Cpt., dkt. #45, exh. 8. However, the property chart does not seem to represent the *maximum* religious property that a prisoner may possess. Rather, in past cases that policy has been identified by the parties as "the *minimum* property items that inmates in approved umbrella religions may have access to or possess as religious personal property." Borzych v. Frank, 2010 WL 1026977, *2 (W.D. Wis. 2010) (emphasis added); see also id. ("[E]ach institution has the authority to apply [policy regarding religious property] in a manner consistent with their specific security levels and concerns."). Even if the property chart is a ceiling rather than a floor, this would not mean that individual wardens necessarily

5

would be required to make the same decisions about particular items in the event that it was determined that the absence of an item from the chart was an inadequate reason for denying that item. Cf. Charles v. Frank, No. 02-C-626-C (W.D. Wis. Nov. 6, 2003) (concluding that prison officials could not justify prohibition on prayer beads by pointing to DOC 309 IMP 6A and directing defendants to submit specific evidence justifying restriction).

Further, although plaintiffs requested most of the same items, the lists are not identical. Not only are some of the items different, but the context in which plaintiffs requested some of the items is different as well. For example, when plaintiff Kramer requested a Thor's Hammer emblem, prison officials denied that request because Kramer was housed in segregation at the time. Plaintiff Liebzeit does not have a similar claim.

In sum, nothing in plaintiffs' amended complaint suggests that plaintiffs' claims should be rejoined in one case. However, I will accept the amended complaint as the operative complaint in case no. 10-cv-170-slc (which is now limited to plaintiff Liebzeit's claims) and case no. 10-cv-224-slc (which is limited to plaintiff Kramer's claims). I will screen each set of claims under 28 U.S.C. § 1915 in separate orders.

ORDER

IT IS ORDERED that the amended complaint, dkt. #45, is ACCEPTED as the operative pleading in case nos. 10-cv-170-slc and 10-cv-224-slc. The clerk of court is

directed to docket the amended complaint and this order in case no. 10-cv-224-slc. Each plaintiff's claims will be screened in a separate order.

Entered this 15th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge