IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEREK S. KRAMER,

                        ORDER

         Plaintiffs,

                        10-cv-224-slc[1]

    v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, WILLIAM POLLARD,
DENNIS MOSHER and PETER HUIBREGTSE,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated June 21, 2010, I screened plaintiff Derek Kramer's complaint in accordance with 28 U.S.C. § 1915 and allowed him to proceed on several claims that prison officials had prevented him from practicing his religion, in violation of the free exercise clause and the Religious Land Use and Institutionalized Persons Act. I dismissed several other claims as moot or unripe. Now plaintiff has filed two documents: (1) a "Motion to Amend the Complaint," dkt. #9; and (2) a "Second Motion for Reconsideration" in which he challenges various determinations in the June 21 order. Dkt. #10. The motion to amend

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

will be denied because plaintiff has not followed this court's procedure for filing an amended complaint. The motion for reconsideration will be stayed to allow plaintiff to decide whether he wishes to stand on his original complaint or file a new one that complies with the court's procedures.

Plaintiff's motion to amend is not accompanied by a proposed amended complaint. Instead, he simply describes some of the changes he would like to make. I cannot determine whether leave to amend should be granted until plaintiff has submitted a proposed amended complaint that he wants the court to adopt as the operative pleading in the case.

Moreover, to help the court and defendants understand what changes a plaintiff is making in an amended complaint, it is this court's policy to ask the plaintiff to file a proposed amended complaint that looks just like the original except that plaintiff is to point out any new defendants by highlighting their names in the caption and highlight all the new or modified allegations he has made to the body of the complaint or to his request for relief. (If plaintiff does not have a highlighter, he may circle the new information instead.) If plaintiff wants to delete certain allegations from the original complaint, he should draw a line through those allegations in his proposed amended complaint. If plaintiff does these things, it will allow the court to screen plaintiff's changes quickly and rule more promptly on his motion.

If plaintiff chooses to file an amended complaint, he should keep two things in mind.

First, he must include in the body of the complaint all the allegations he wants the court to consider. He cannot rely on exhibits to set forth his claims. Second, he should describe in the body of the complaint what each defendant did or did not do, when they did or did not do it and what he wants the court to do about it. It must be clear to defendants and to the court what plaintiff is saying each defendant did so that the court can determine the scope of each claim and each defendant can understand (and answer) plaintiff's particular grievance against him or her.

Plaintiff's decision to file a motion for reconsideration is curious in light of his request for leave to amend his complaint. Plaintiff may challenge the court's determinations in the June 21 order *or* he may amend his complaint. He cannot do both at the same time. "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." <u>Massey v. Helman</u>, 196 F.3d 727, 735 (7th Cir. 1999). Thus, once the court accepts an amended complaint, any arguments about the scope of the claims in the original complaint become moot. Accordingly, I will stay a decision on plaintiff's motion for reconsideration to allow him to decide whether he wants to file a proposed amended complaint.

## ORDER

IT IS ORDERED that plaintiff Derek Kramer's motion for leave to file an amended

3

complaint, dkt. #9, is DENIED without prejudice. Plaintiff may have until July 16, 2010 to file a proposed amended complaint that complies with this court's procedures. A decision on the motion for reconsideration, dkt. #10, is STAYED until that date. If plaintiff does not file an amended complaint by July 16, I will take the motion for reconsideration under advisement.

      Entered this 30th day of June, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge