IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEREK S. KRAMER,

                                                                   ORDER

                Plaintiffs,

                                                     10-cv-224-slc

   v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, WILLIAM POLLARD,
DENNIS MOSHER, PETER HUIBREGTSE,
MICHAEL CLEMENTS, MICHAEL DONOVAN,
MICHAEL MOHR, TOM GOZINSKE,
ELLEN RAY and GARY BOUGHTON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated July 23, 2010, I allowed plaintiff Derek Kramer to proceed on claims that defendants violated his rights under the free exercise clause, the equal protection clause and the Religious Land Use and Institutionalized Persons Act by refusing his requests for various religious items and for an opportunity to engage in group worship with other Odinists. Plaintiff has filed a motion for reconsideration of that order in which he says that the court overlooked his request to proceed under an establishment clause theory. Dkt. #19. Plaintiff is correct.

1

It is unlikely that an establishment clause theory adds anything to plaintiff's case. In past cases, I have viewed claims of religious discrimination under the equal protection clause and the establishment clause as raising the same question: "was the defendant treating members of some religious faiths more favorably without a secular reason for doing so?" Goodvine v. Swiekatowski, No. 08-cv-702-bbc, 2010 WL 55848, *3 (W.D. Wis. Jan. 5, 2010); see also Board of Education of Kiryas Joel Village School Dist. v. Grumet, 512 U.S. 687, 715 (1994) (O'Connor, J., concurring) ("[T]he Religion Clauses—the Free Exercise Clause, the Establishment Clause, the Religious Test Clause, Art. VI, cl. 3, and the Equal Protection Clause as applied to religion—all speak with one voice on this point: Absent the most unusual circumstances, one's religion ought not affect one's legal rights or duties or benefits."). The court of appeals has gone as far as suggesting that parties should not assert claims under both theories. World Outreach Conference Center v. City of Chicago, 591 F.3d 531, 534 (7th Cir. 2009) ("Discrimination by an official body can always be attacked as a violation of the equal protection clause—but that would usually add nothing, when the discrimination was alleged to be based on religion, to a claim under the religion clauses of the First Amendment."). However, the Supreme Court has stated that it is not for courts to pick and choose legal theories for a plaintiff on the ground that one is a better fit than another. Soldal v. Cook County, Illinois, 506 U.S. 56, 70-71 (1992). Accordingly, despite the potential redundancy, I will allow plaintiff to proceed on a theory under the

2

establishment clause.

## ORDER

IT IS ORDERED that plaintiff Derek Kramer's motion for reconsideration, dkt. #19, is GRANTED. Plaintiff may proceed on a theory under the establishment clause with respect to each of his claims.

Entered this 3d day of August, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge